## Abraham Unemployment Compensation Case.

Argued March 20, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Harold L. Randolph,* with him *Moore, Lightfoot & Edley,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., April 18, 1963:

In this unemployment compensation case the bureau, the referee and the board all concluded that the claimant voluntarily terminated his employment without cause of a necessitous and compelling nature and, therefore, was disqualified under the provisions of §402(b)1 of the Unemployment Compensation Law, 43 PS §802(b)1.

Appellant was last employed as a cook at the Rose Tree Inn, Providence Road, Media, Pennsylvania, on a shift from 4:30 p.m. to 1:00 a.m., and received an average salary of approximately $85.00 per week. On February 28, 1962, having given his employer two weeks' notice, he voluntarily terminated his employment because he stated he lacked adequate private transportation to and from his place of employment and he further stated that public transportation was inadequate. The appellant's automobile, which he used for transportation, was used by him to drive to and from his employment on the last day of his work. He testified that the trolley station was approximately one and a quarter miles from his place of employment and that the last car left at 1:05 a.m. Information was obtained by a representative of the board that the last car left at 1:35 a.m.

The employer testified that if the appellant had talked to him about his transportation difficulty, arrangements would have been made to permit him to leave his employment early enough to get the last car. The claimant, however, did not discuss this question with his employer. The man who replaced the claimant as cook came from a point several blocks distant from claimant's home in West Philadelphia and he used public transportation to get to and from his employment.

The testimony further revealed that when the claimant began his employment at the Rose Tree Inn he also held another job with Snellenbergs, where he worked from 10:00 a.m. to 2:00 p.m. The testimony also revealed that claimant's wife had two restaurants in Philadelphia and that sometimes he worked at one or both of these restaurants. The testimony also revealed that the claimant could have obtained a cab to go from the place of his employment to the trolley for a charge of fifty cents.

Since the appellant admittedly voluntarily terminated his employment relationship, the only question is whether he did so because of some "necessitous and compelling cause." The burden of showing such circumstances as to justify the voluntary quitting of work was upon the claimant: *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523. The claimant failed miserably in meeting this burden. We have recently and frequently discussed transportation difficulties in many cases similar to the present case and a repetition of this authority would serve no useful purpose.

Decision affirmed.