Robert J. Gensheimer, Jr., Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued March 8, 1974, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Robert D. Hain,* for appellant.

*Sydney Reuben,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 28, 1974:

The claimant-appellant, in this appeal from the Unemployment Compensation Board of Review's disallowance of his claim, was employed as a pipefitter by the Veterans Administration Hospital in Erie for five months at an hourly rate of $4.31. His last day of work was July 20, 1972.

There is no dispute concerning the reason for claimant-appellant's separation. Finding of Fact No. 2 of the referee quotes the determination of the Veterans Administration that the reason for separation was: "Resignation—dissatisfaction with working conditions. 'Due to unbearable working conditions, consider my services terminated.' "

The determination of the Federal employing agency is final and conclusive with regard to the cause of separation. Judge WOODSIDE's opinion in *Neumeyer Unemployment Compensation Case,* 187 Pa. Superior Ct. 321, 144 A. 2d 606 (1958), sets forth ably and con-

cisely the role played by the State unemployment compensation authorities with regard to the determination of the eligibility for unemployment compensation payments of separated employees of Federal agencies. It points out that while the reason for the separation as certified by the Federal employing agency is final and conclusive, nevertheless, "whether under the facts certified to us the claimant is entitled to compensation is a matter which Congress says we must determine under our law." *Neumeyer, supra,* at 329, 144 A. 2d at 610.

The referee's Findings of Fact continue:

"3. The claimant voluntarily terminated his employment because of what he considered unbearable working conditions in that the temperature was 96 degrees in the shop from which he worked and a fan had been removed from the area so that it lacked ventilation.

"4. The claimant alleges that the heat irritated a dermatitis condition although he was not under the care of a physician nor was he advised to terminate his employment.

"5. The heat conditions in the employer's shop on the claimant's last day of work resulted primarily from the prevailing weather conditions. The claimant was required to be in the shop only when not on a work assignment."

Based on these findings and supported by the entire record, the referee concluded: "Under all of the circumstances, the Referee concludes that the reasons for the claimant's voluntary termination of his employment do not rise to the level of necessitous and compelling cause contemplated by the provisions of Section 402(b)(1) of the Law. [Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended 43 P.S. §802(b)(1).] Accordingly, benefits are denied thereunder."

No good purpose would be served by here reviewing the testimony. The record squarely supports the referee's finding that the unbearable condition of heat of 96 degrees on July 20, 1972, was an unusual and temporary condition. It was the first time the fan had been removed from the area in which claimant-appellant spent part of his day working. He demanded to see the Director of the Hospital to complain about the removal of the fan. He stated that if he did not hear from the Director by 4:30 p.m., he would not return. Between 4:00 p.m. and 5:30 p.m., he sent a telegram to the Director stating that "due to the unbearable working conditions to consider my services terminated." He had never complained previously concerning the conditions of heat.

Whether we would have come to the same conclusion as the referee and the Board is not relevant. Findings of the referee, approved by the Board, and supported by the record, are conclusive in the absence of fraud. Section 510 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §830. *Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 296 A. 2d 297 (1972) ; *Holland v. Unemployment Compensation Board of Review,* 4 Pa. Commonwealth Ct. 292, 286 A. 2d 19 (1972).

Accordingly, we enter the following

### ORDER

Now, March 28, 1974, the order of the Unemployment Compensation Board of Review, dated February 28, 1973, finding the determination of the referee affirming the Bureau's disallowance of the claim to be proper and denying the appeal, is affirmed.