Andrew Sheaffer, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued July 31, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Harry Galfand*, with him *Joseph Lurie* and *Galfand, Berger, Senesky, Lurie and March*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, September 4, 1974:

Andrew Sheaffer, a claimant and the appellant in this unemployment compensation case, was employed

as a spray painter on the 4:00 o'clock p.m. to 1:00 o'clock a.m. shift by the Sun Shipbuilding & Dry Dock Co. At the completion of his shift at 1:00 o'clock a.m. on Sunday, March 25, 1973, the claimant was ill with a cold and on Monday, March 26, 1973, he consulted a physician. Although scheduled to work commencing at 4:00 o'clock p.m. on Monday, March 26, 1973, the claimant did not appear at his place of employment nor, as we read the record, did he notify the employer of his physical condition or of his proposed absence. The claimant's illness and his absence from work continued. He consulted his physician again on April 5, 1973, at which time the doctor provided him with a written certification, presumably of his illness and disability to work. The claimant testified at the referee's hearing both that he mailed this certification to his employer on April 5, 1973 and that he had entrusted it to his grandson to mail. The employer's representatives testified that no communication from the claimant was received until April 11, 1973 when an undated doctor's certificate was apparently delivered by a fellow employe. Two days before the receipt of this notice by the company, on April 9, 1973, the employer had discharged the claimant for violation of a work rule embodied in a collective bargaining contract which reads, according to the record: "If an employee is absent from work more than fifteen consecutive days without permission of the company, unless the absence is due to illness, incapacity, or other proper cause, in which case the employee must notify the personnel office of the company of such fact within one week of the last day of work and must keep personnel office of the company informed, if sick, in writing of further intentions."

After April 11, 1973 the claimant furnished a number of doctor's certificates and statements. One, dated May 16, 1973, seems to state that the claimant was

totally disabled until at least April 25, 1973. Another, dated May 22, 1973, states that the claimant was able to be employed as of April 29, 1973, provided that he should not crawl, stand continuously, bend repeatedly or engage in heavy lifting or running. If we are correctly deciphering the doctor's handwriting, the May 22, 1973 statement also declares that the claimant would be able to do only sedentary work.[1]

The referee found as a fact that "[t]he claimant left work on March 25, 1973, and notified his employer that he was ill." He additionally found, however, that the claimant failed to notify the employer of the reason for his continued absence for fifteen consecutive days and, hence, had violated the quoted rule. The referee concluded, therefore, that the claimant was ineligible for unemployment compensation because his discharge was for wilful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §802(e). The Board of Review affirmed.

Our careful examination of the record fails to disclose any support whatsoever for the finding which the referee seems to have made that the claimant notified the employer of his illness when he finished his shift on March 25, 1973. The record, however, does support the finding which the referee also seems to have made that the claimant failed to report his illness thereafter until April 11, 1973, a date seventeen days after he last worked and sixteen days after he failed to report at the next scheduled shift on March 26, 1973.

Counsel for the Board of Review has suggested that we should remand the record for review, findings and

---

[1] The doctor diagnosed congestive heart failure as among the illnesses suffered by the claimant during April, 1973.

a further determination with respect to the claimant's eligibility. We agree that this is the only proper fair disposition of this appeal.

The work rule on which the claimant's determination was based provides that an employe absent on account of illness must notify the employer of this fact within seven days. The referee seems to have found, upon what evidence we are unable to ascertain, that such notification was given. If this happened, the further question under the rule would then be whether the claimant complied with its additional requirement that he keep the personnel office informed in writing of his further intentions. In this connection, we note that the termination notice is dated April 9, 1973, only fourteen days after March 26, 1973, when the claimant was first absent from work.

Counsel for the Board of Review has also pointed out that the claimant filed his application for compensation on May 3, 1973, only four days after April 29, 1973, the date on which the claimant's physician thought that the claimant was too ill to do other than sedentary work, thus indicating a question of the claimant's availability for work under Section 401(d) of the Law, 43 P.S. §801(d).

ORDER

AND Now, this 4th day of September, 1974, the record is remanded to the Unemployment Compensation Board of Review for findings consistent with the record and a further determination of the appellant's eligibility for benefits.