Edward Mosley, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

448

Argued September 11, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*David T. Rammler,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 16, 1974:

Claimant, Edward Mosley, was last employed by Baum's Meat Packing, Inc. (Baum's) as a butcher's helper at a wage of $2.75 per hour. This employment consisted of approximately thirty-eight hours over a two-week period ending during the week of June 20, 1973.[1] Claimant quit Baum's at this time because he was dissatisfied with the wages and travel travail. His prior employment at another slaughterhouse ended in March 1973 after a period of one year. At that time he was paid $4.24 per hour. Claimant's application for unemployment compensation was denied by the Bureau of Employment Security, a referee, and ultimately the Unemployment Compensation Board of Review upon a determination that he voluntarily terminated his employment without cause of a necessitous and compelling nature, and thus rendered himself ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §802(b)(1). We affirm.

Section 402(b)(1) provides in pertinent part that: "An employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . and that in determining whether or not an employe has left his work voluntarily without cause of a necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four (t) [43 P.S. §753(t)] . . . ." A claimant becoming unemployed because of a voluntary termination assumes the burden of showing that such termination

---

[1] The referee found claimant's last day of work to be approximately June 14, 1973. Claimant testified that he could not recall his last day of work, but two pay stubs for the pay periods ending June 13 and June 20, 1973 were made part of the record.

was with cause of a necessitous and compelling nature. *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973).

The referee found—and his findings of fact were adopted by the Board on appeal—that claimant's termination was voluntary and due to his "dissatisfaction with the wages, and the distance he was required to travel from his home to the employer's plant." There can be no question under prior decisional law that neither a dissatisfaction with wages nor the inconvenience of transportation to work will suffice as cause of a necessitous or compelling nature to justify a voluntary termination. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A. 2d 398 (1974); *Abraham v. Unemployment Compensation Board of Review,* 200 Pa. Superior Ct. 476, 190 A. 2d 156 (1963); *Palmieri v. Unemployment Compensation Board of Review,* 198 Pa. Superior Ct. 187, 181 A. 2d 864 (1962). As there is substantial evidence of record to support these findings, they are binding on this Court. *Gensheimer v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 62, 317 A. 2d 350 (1974).

Claimant argues, however, that a determination of ineligibility under Section 402(b)(1) is inappropriate because there is no evidence to support the referee's finding that claimant entered into a contract of employment with Baum's, and therefore his voluntary termination must be analogized to a refusal of work which gives cause to disqualification under Section 402(a), 43 P.S. §802(a), only if the proffered work is "suitable" as defined by Section 4(t), 43 P.S. §753(t). The significance of a determination of whether or not claimant's conduct falls within Section 402(a), thus bringing into play the definition of "suitable work" under Section 4(t), is at best questionable. The proviso to Section

402(b)(1) quoted above expressly requires the compensation authorities to consider the suitability of the job which a claimant has quit in determining whether a termination was for necessitous and compelling reasons. *See Shay Unemployment Compensation Case,* 424 Pa. 287, 227 A. 2d 174 (1967). Although the suitability of particular employment is usually considered in the situations where either (1) an unemployed claimant has refused proffered employment, or (2) an employe about to be laid off is offered and refuses a different job with the same employer, the criteria of Section 4(t) suitability have also been applied where a claimant voluntarily terminates his employment without another job offer. *See e.g., Pfafman v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 197, 300 A. 2d 295 (1973). In view of claimant's past work experience in a slaughterhouse, we consider his employment with Baum's to be "suitable work" as defined by Section 4(t). *Pfafman v. Unemployment Compensation Board of Review, supra.* It is conceivable, however, that the standards for determining the suitability of work for one voluntarily terminating his employment [Section 402(b)(1)] are different from where an offer of work is refused or not applied for [Section 402(a)]. By voluntarily accepting a job which he subsequently quits, a claimant has admitted to its initial suitability with respect to wages and conditions of employment; and this evidence must be overcome by evidence of a change in conditions of employment or that the claimant was deceived as to or not aware of the conditions later alleged to be onerous when he entered the employment relationship. Because this latter allegation is made here, we reach the issue of whether an employment relationship existed.

The foundation for this contention is claimant's testimony that he was never told what his salary at Baum's would be. He assumed it would be $4.24 hour-

ly as was his prior payscale. We find sufficient evidence of record, however, to support the referee's finding of an employment relationship with an intended starting salary of $2.75 per hour. There is evidence that claimant received a check of $56.38 for the twenty and one-half hours he worked the week ending June 13, 1973. This simple arithmetic told him what his actual hourly wage would be. Moreover, Baum's in a letter which was made a part of the record disclosed that claimant's starting salary was to be $2.75 per hour. Essentially the question of the existence of an employment relationship in this case, was one of credibility involving a resolution of conflicting evidence which the referee determined by finding that "claimant was paid in accordance with his contract of hire and worked at the premises for which he was hired." The referee having made this determination, this Court will not disturb it. *Stalc v. Unemployment Compensation Board of Review, supra; Peluso v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 250, 315 A. 2d 340 (1974).

Consistent with the above, we enter the following

ORDER

AND NOW, October 16, 1974, the order of the Unemployment Compensation Board of Review dismissing the appeal of Edward Mosley is affirmed.