John Carideo, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

534

Argued March 11, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Samuel B. Brenner,* with him *Brenner and Brenner,* for appellant.

*George O. Phillips,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 7, 1977:

John Carideo (Appellant) appeals a decision of the Unemployment Compensation Board of Review (Board) which had affirmed the referee who denied him benefits. Although Appellant contends that he was fired, the referee found that he had voluntarily quit his job. Because the tape recording of the hearing before the referee was found to be unusable, upon appeal, the Board remanded the case to another referee to complete a record for its review. The second referee made no findings but the testimony before him was used by the Board to affirm the original referee's decision.

Appellant questions the propriety of the Board's procedure in affirming the decision of the original referee based upon a record taken before a different referee, and further submits that the Board's decision was not based upon competent evidence. We must affirm the Board.

We find the procedure of the Board in this case to have been properly within its discretion. It is significant that Appellant makes no claim of actual prejudice because of this unusual procedure, since the initial hearing, in effect, provided him a rehearsal for the hearing from which the Board made its decision. Moreover, the Board has considerable latitude in the determination of its procedure. Section 203(d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended*, 43 P.S. §763(d), allows the Board to "take such action required for the hearing and disposition of appeals as it deems necessary and consistent with this act." Section 504 of the Act, 43 P.S. §824, allows the Board to "direct the taking of additional evidence" without any limitation as to the purpose for such evidence.

As to the contention that the Board's decision was not based on competent evidence, review of the testimony reveals that the claimant and a representative of the employer gave conflicting testimony concerning claimant's departure from his employment. It is well settled in unemployment compensation cases that "the finding of the board or referee, as the case may be, as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive."[1] Thus, the determination of the credibility of witnesses and the resolution of conflicts in testimony are for the fact-finder, not the reviewing court. *Mosley v. Unem-*

---

[1] Section 510 of the Act, 43 P.S. §830.

*ployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 447, 452, 327 A.2d 199, 201 (1974). Therefore, we must accept factual determinations of the fact-finder where, as here, they are supported by competent evidence.

Accordingly, we

ORDER

AND Now, this 7th day of April, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.