National Freight, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Leon H. Kline,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 6, 1978:

The petitioner has appealed to this Court a decision of the Unemployment Compensation Board of Review (Board) awarding benefits to Terry A. Rose (claimant), who drove a tractor-trailer for the petitioner. The Bureau of Employment Security (Bureau) denied benefits to the claimant on the basis of Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). On appeal, the referee reversed the Bureau and allowed benefits. After a remand from the Board, the referee reaffirmed his prior decision and was subsequently affirmed by the Board. The petitioner then instituted the present appeal.

Prior to the time of his employment by petitioner claimant had taken a five week training course required by and paid for by the petitioner. Claimant was employed in a security position with the Elliot Company at the time he began the training course. He testified that he left that job on the basis of a newspaper advertisement placed by the petitioner, and a personal interview with one of petitioner's representatives. The claimant was told that 27% of his gross receipts would be retained by petitioner for the use of the tractor. The claimant was to receive the

other 73% out of which he would pay all other costs, such as fuel and tolls.

Upon completion of the five week training period, claimant was informed the petitioner was increasing its percentage to 35%. In spite of this change in the terms of hire, the claimant agreed to try this new arrangement, but remained on the job for just one week. During that week the claimant drove four trips totaling 830 miles and received $446.53. After paying the expenses claimant's net was about $90.00, out of which he had to pay Federal and state taxes, as well as social security. The claimant then terminated his employment. Both the referee and the Board found that the claimant quit because of a unilateral change in the agreement of hire, and because it would have been unwise for him to continue in his job in light of the remuneration he was receiving. In opposition to these findings the petitioner relies on the testimony it offered that a normal work week would involve driving 2000 miles, as opposed to the 830 miles claimant drove, and that claimant's fuel costs were excessive, indicating that he used the tractor for purposes other than driving for petitioner. However, these matters do not go to the question of whether a change from 27% to 35% in retainage is a substantial unilateral change in the employment agreement.

Petitioner relies on those cases wherein we held that mere dissatisfaction with wages is not a necessitous and compelling reason for voluntarily terminating employment. *McGuire v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 588, 360 A.2d 315 (1976). Petitioner asserts that because claimant knew the wages he would receive before undertaking to drive the tractor, he may not now complain. Basically, petitioner is contending that by accepting the new agreement at the 35% retainage, the claimant admitted the suitability of the job.

As the Board correctly points out, however, this case falls more closely within the rule which provides that an employee may terminate his employment and remain eligible for benefits when his wages and working conditions have changed since his initial employment, or when the employee was originally deceived as to the conditions complained of. *McGuire v. Unemployment Compensation Board of Review, supra; Mosley v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). Here, it is clear that at the time claimant left his job at the Elliot Company to begin the five week training period it was the understanding that the petitioner would retain only 27% of his gross receipts for the use of the tractor. After quitting his job and devoting five weeks to training, required and paid for by petitioner, the claimant was informed by petitioner that the rental rate would be 35%. Surely it is not surprising that at that point the claimant remained with petitioner as he felt he had no choice but "to try it for a week." We, therefore, affirm the decision and order of the Board that claimant is eligible for benefits.

Petitioner has raised a second argument not directly dealt with by the Board, indeed, it was not stated in the reason for the decision in the petition for appeal from the referee to the Board. Petitioner argues that claimant was an independent contractor and not an employee, and that this case should be remanded to the Board for further hearing and finding in this regard. We do not agree.

Petitioner points to the testimony it produced at the second hearing before the Board hearing officer. This testimony demonstrated, for example, that no withholding taxes were deducted from claimant's salary, that claimant paid his own tolls and fuel costs, and that claimant was free to take as many trips as he de-

sired. This, as well as the other testimony, fails to satisfy Section 4(1)(2)(B) of the Law, 43 P.S. §753 (1)(2)(B) which sets forth the requirements an employer must meet to prove that an individual is an independent contractor rather than employee. *See, Jochynek v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 86, 378 A.2d 490 (1977). Petitioner was permitted to set forth any additional testimony at the second hearing with respect to this issue, but failed to do so. We see no reason why petitioner should be given another hearing in this respect, especially when petitioner did not appear at the referee's hearing and was given a second hearing before a Board hearing officer.

Accordingly, we will enter the following

ORDER

AND Now, March 6, 1978, the decision of the Unemployment Compensation Board of Review, Decision No. B-137052, dated November 19, 1976, is affirmed.