Betty Baldassano, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

458

Argued March 3, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*William W. Shimer, Jr.,* with him *H. David Spirt,* for appellant.

*Bernadette Duncan,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 30, 1978:
This is an appeal from a decision of the Unemployment Compensation Board of Review which dis-

missed petitioner-claimant's appeal from a referee's decision that held claimant ineligible for unemployment compensation benefits because she had voluntarily quit work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The referee had reversed the Bureau of Employment Security's decision that claimant was eligible for benefits. We affirm the denial of benefits.

Claimant was employed as an inspector by L. Frank Markel & Sons for a period of approximately four and a half years. Her notice of resignation contained no reason for her termination of employment, but in response to a question from a co-employee the claimant stated that she had secured other employment. Upon applying for benefits some two weeks after her resignation, the claimant alleged that she left her employment because the job was affecting her health.

The record reveals that claimant was under a doctor's care during the entire time she was employed at L. Frank Markel & Sons. Her major complaint was that she suffered from an allergic condition which rendered her sensitive to dust. In fact, some two and a half years prior to her resignation, the claimant provided her employer with a note from her allergist which indicated that she was allergic to dust and that she should stay away from dust as much as possible. At that time steps were taken by her employer to cut down on the claimant's exposure to dust, such as not requiring her to sweep the floors and by installing dust collectors on some of the machinery in her working area. The claimant had no further communication with her employer concerning her allergy. While

claimant's physician did testify that he had advised her to terminate her employment for health reasons, it is clear from the record that the physician was unfamiliar with the claimant's work environment and that he could not state with any degree of certainty whether the claimant's allergy was in fact affected by her work conditions.

It is well established that "physical disability may constitute a necessitous and compelling reason for leaving one's employment and would not render the employee ineligible for unemployment compensation." *Kernisky v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 199, 201, 309 A.2d 181, 183 (1973). A claimant seeking benefits after leaving employment for health reasons must, however, meet certain requirements. First, the employee must inform the employer of the health problems. *Elshinnawy v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974). Second, the employee must request a transfer to work which is suitable in light of the health problems. *Tollari v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973). Third, the employee must offer "competent testimony that *at time of termination,* adequate health reasons existed to justify termination." *Deiss v. Unemployment Compensation Board of Review,* Pa.    ,    , 381 A.2d 132, 136 (1977). (Emphasis in original.) We find that the claimant has clearly failed to satisfy the first two standards, and therefore need not decide whether claimant has satisfied the criteria set forth in *Deiss, supra.*

First, we do not believe the note which the claimant gave her employer some two and a half years prior to her termination adequately informed the employer of the health problems from which she suf-

fered at the time of termination. The claimant should clearly have discussed her allergic condition with her employer at a point in time closer to the date of termination. Second, the claimant readily admits that she did not ask her employer for more suitable work prior to her termination of employment. Absent some substantial evidence that such a request would have been futile, we must hold that claimant has failed to satisfy the second standard set forth above.

Accordingly, we will enter the following

ORDER

AND Now, March 30, 1978, the decision of the Unemployment Compensation Board of Review, No. B-138776, dated December 27, 1976, is affirmed.