John Dubb, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

536

Submitted on briefs, June 8, 1978, to Judges CRUM-LISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Charles A. Bressi, Jr.,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 17, 1978:

John Dubb (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of unemployment compensation. Compensation was denied because of a finding of willful misconduct, which is dis-

qualifying under Section 402(e) of the Unemployment Compensation Law[1] (Law), 43 P.S. §802(e).

The claimant was employed as a laborer for two years by the Reading Contracting Company (employer), and he was discharged when he reported to work in an intoxicated condition. The Bureau of Employment Security denied his application for benefits because of willful misconduct, and the referee and Board affirmed this determination. This appeal followed.

In willful misconduct cases, the burden of establishing the claimant's ineligibility is placed upon the employer, and our scope of review is limited to questions of law and to a determination of whether or not the findings of the Board are supported by substantial evidence. *Unemployment Compensation Board of Review v. Tumolo,* 25 Pa. Commonwealth Ct. 264, 267, 360 A.2d 763, 765 (1976).

The claimant argues here that the Board's finding that he arrived intoxicated for work on the day he was discharged is unsupported by substantial evidence, being based on the testimony of the claimant's foreman, who stated that he saw the claimant soon after his arrival that day and that the claimant was then obviously intoxicated and practically unable to walk. The claimant challenges the sufficiency of this evidence on the basis that his own testimony at the hearing contradicted that of his foreman and should have been accepted by the referee. In unemployment compensation cases, however, we have long held that questions of credibility and the resolution of conflicts in the evidence are for the fact finder and not for this Court. *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). Here, the fact-finder chose to believe the fore-

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

man's testimony and, because the finding based thereon is supported by substantial evidence, it is binding on this Court. *Gensheimer v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 62, 317 A.2d 350 (1974).

The order of the Board is affirmed.

### ORDER

AND Now, this 17th day of July, 1978, the order of the Unemployment Compensation Board of Review numbered B-138957 and dated December 30, 1976, is hereby affirmed.