Paul Bernard Anderson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Thriftway Foods, Inc., Intervening Party Respondent.

Argued September 11, 1978, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Paul Bernard Anderson*, petitioner, for himself.

*Frank A. Sinon*, with him *J. Bruce Walter*, and *Rhoads, Sinon & Hendershot*, for intervening respondent, Thriftway Foods, Inc.

OPINION BY JUDGE WILKINSON, JR., October 13, 1978:

Petitioner appeals from a decision of the Unemployment Compensation Board of Review denying him unemployment benefits under the provisions of Section- 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). We affirm.

Petitioner clearly terminated his employment in a voluntary manner. The only issue before us is whether this termination was for a necessitous and compelling reason. Petitioner avers that in the seven years he worked for Thriftway Foods, Inc., he was subject to undue ridicule and harassment. Petitioner contends that this ridicule and harassment adversely affected his health, to the point where it was medically necessary for him to leave his job. The referee, whose duty it is to resolve conflicts in the testimony, found that while "claimant may have felt he was being harassed and ridiculed about his work, actually, he was only criticized when it was necessary." In addition, the record demonstrates that petitioner did not discuss his alleged health problems with his superiors before leaving his job, and that according to the at-

tending physician's statement petitioner was able to work.

In *Baldassano v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 457, 460, 383 A.2d 988, 989-90 (1978), this Court held as follows:

> A claimant seeking benefits after leaving employment for health reasons must, however, meet certain requirements. First, the employee must inform the employer of the health problems. Elshinnawy v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974). Second, the employee must request a transfer to work which is suitable in light of the health problems. Tollari v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973). Third, the employee must offer 'competent testimony that *at time of termination,* adequate health reasons existed to justify termination.' Deiss v. Unemployment Compensation Board of Review, 475 Pa. 547, 556, 381 A.2d 132, 136 (1977). (Emphasis in original.)

In the present case the testimony clearly establishes that the petitioner did not inform his employer of his health problems before leaving his job. In addition, the petitioner has not presented sufficient medical evidence to demonstrate that at the time of termination adequate health problems existed to justify termination. To the contrary, the medical evidence indicates that petitioner was able to work.

Accordingly, we will enter the following

ORDER

AND Now, October 13, 1978, the decision of the Unemployment Compensation Board of Review, No. B-132400-B, dated March 23, 1977, is affirmed.