William H. Hickson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Gravure Division of Triangle Publications, Inc., Intervenor.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Ronald J. Harper,* with him *Harper and Tatum,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

*Richard S. Meyer,* with him *Dilworth, Paxson, Kalish, Levy & Kauffman,* for intervenor.

OPINION BY JUDGE WILKINSON, JR., March 8, 1979:

In this case claimant appeals a determination by the Unemployment Compensation Board of Review (Board) which denied benefits on the ground of willful misconduct.[1] We affirm.

Upon his discharge as a mailer by his employer, Triangle Publication Company, claimant was denied benefits by the Bureau of Employment Security and the referee (following a hearing at which claimant did

---

[1] Pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

not appear) on the ground of willful misconduct. On appeal, the Board ordered that a second hearing be held before a Board Hearing Officer to afford claimant an opportunity to offer evidence. At this hearing, the claimant, a witness in his behalf and five witnesses for the employer testified. The Board found that the claimant was discharged following an altercation with his supervisor and a fellow employee during which claimant used profane language and threatened his supervisor and engaged in fisticuffs with his fellow employee and that the claimant had been given two prior written warnings about his use of profane language and abusive conduct.

On appeal here, claimant contends that he was denied due process by the Board in the consideration of evidence presented at the second hearing, arguing that because the Hearing Officer made no findings the Board had no basis to make findings of fact independent from the first hearing. We find no merit to this argument. Apart from the fact that it is the Board in every case who is the ultimate fact finder, not the referee,[2] this Court has expressly held that where the Board orders a second hearing, the findings of the Board are conclusive absent a showing of actual prejudice. *Carideo v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 533, 371 A.2d 579 (1977). Claimant has pointed to no evidence in the record of prejudice; his suggestion that the Board rendered its findings without reviewing the testimony of the second hearing is pure supposition which we need not consider.

Claimant contends further that he cannot be found guilty of willful misconduct because the use of profane language showed only a personality clash with

---

[2] *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 347 A.2d 348 (1975).

his supervisor and that he was only defending himself during the ensuing fisticuffs. The record shows this argument to presuppose the truthfulness of claimant's testimony and that of his witness which was directly at odds with the testimony of the employer's witnesses. Simply put, the resolution of controverted facts is solely within the province of the Board and not this Court.

Accordingly, we will enter the following

ORDER

AND Now, March 8, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-149839, dated October 3, 1977, is hereby affirmed.