Linda Schwartz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Katharina F. Bryant,* with her *David Kraut,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 30, 1979:

The appellant, Linda Schwartz, appeals here from the denial of unemployment compensation benefits, the denial having been based on finding that she had voluntarily quit her employment without cause of a necessitous and compelling nature.

The appellant had been employed as a medical technician for three years by the Diagnostic and Rehabilitation Center (employer). She and her supervisor evidently experienced a personality conflict, and, al-

though the appellant requested to be transferred, there was no other work available. The unpleasant working conditions, she says, adversely, affected her health to such an extent that she began to take tranquilizers, and states that she advised the management several times that the working conditions were psychologically unbearable for her. After exploring the alternative of seeking work elsewhere, no transfer having been offered, she decided that her employment situation had brought her to the brink of a nervous breakdown and she then voluntarily quit. The Bureau of Employment Security denied unemployment benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law[1] (Act), and this ruling was affirmed on appeal by the referee and the Unemployment Compensation Board of Review. This appeal followed.

The issue here is whether or not the appellant had cause of a necessitous and a compelling nature which would justify the termination of her employment and establish eligibility for benefits. In cases of this kind, of course, the party alleging that the termination is based on ''necessitous and compelling reasons'' bears the burden of proof. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

Our Supreme Court has recently reviewed the relevant law on this issue in *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977), where the Court cites with approval the definition of ''cause of a necessitous and compelling nature'' as previously laid down by our Superior Court in *Sturdevant Unemployment Case,* 158 Pa. Superior Ct. 548, 556, 45 A.2d 898, 903 (1946).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

> [T]hey connote, as minimum requirements, real circumstances, substantial reasons, objective conditions, palpable forces that operate to produce correlative results, adequate excuses that will bear the test of reason, just grounds for action, and always the element of food faith.

The Supreme Court has also held that:

> 'good cause' for voluntarily leaving one's employment (i.e. that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner.

*Taylor v. Unemployment Compensation Board of Review,* 474 Pa. at 358-59, 378 A.2d at 832-33 (1977).

It is clear that any aggravation of a nervous condition or any other adverse effect of employment upon an employee's health may constitute a necessitous and compelling cause. *Baldassano v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978); *Wenrich v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 186, 382 A.2d 1303 (1978); *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A.2d 181 (1973). It has also been clearly established, however, that a claimant in such a case must inform the employer of the health problems, must request a transfer to work which is more suitable, and must establish that every reasonable effort has been made to sustain the employer-employee relationship. It is not necessary for the employee to introduce documentation evidencing that a physician has advised termination of employment for, as the Court said in *Deiss, supra.*

> We believe that . . . the relevant considera-
> tion is the claimant's health at the time of ter-
> minating employment. If a claimant realizes
> that either physically or emotionally he is un-
> able to continue working and he offers com-
> petent testimony that *at time of termination,*
> adequate health reasons existed to justify ter-
> mination, we can perceive no reason to require
> claimant to prove that he was advised to quit
> his job. (Emphasis supplied.)

*Deiss v. Unemployment Compensation Board of Review,* 475 Pa. at 555-56, 381 A.2d at 136.
In that case, however, the claimant had been under a psychotherapist's care for over a year and the psychotherapist testified that at the time of termination the appellant would have suffered a nervous breakdown had he continued his employment. The Court there held that the appellant there had offered competent evidence to support the claim that he terminated employment for cause of a necessitous and compelling nature and that he was entitled to unemployment benefits. In this case, however, the appellant did not adduce any medical evidence to support her allegation. *Rinehart v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978). *See Deiss v. Unemployment Compensation Board of Review, supra.* Furthermore, she testified that, while she had been under a doctor's care for her nervous condition in the past, he had not advised her she was unable to continue working. Her testimony to the effect that she felt she was going to have a nervous breakdown does not rise to the level of the competent evidence required under *Deiss* to support her allegation of a necessitous and compelling cause, *Rinehart v. Unemployment Compensation Board of Review, supra,* and we must, therefore, affirm the order of the Board.

ORDER

AND Now, this 30th day of March 1979, the order of the Board in the above-captioned matter is hereby affirmed.