Jeanine Milsop, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Cynthia A. Sheehan,* with her *John A. Kopay,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney Gen-

eral, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY'JUDGE BLATT, September 6, 1979:

Jeanine Milsop (claimant) appeals from a denial by the Unemployment Compensation Board of Review (Board) of unemployment compensation benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1). The Board held that she had voluntarily terminated her employment without reason of a necessitous and compelling nature.

The claimant was employed at the Bureau of Employment Security (Bureau) in Indiana, Pennsylvania, under a one-year CETA (Comprehensive Employment Training Act) grant. With two weeks remaining on her CETA contract she was referred by the Bureau for a job interview to the Pennsylvania Electric Company (employer), which hired her to fill a clerical position and told her to report for work on May 23, 1978. When she arrived for work she was informed that as part of her duties she would be expected to operate the office telephone switchboard, and she worked on the assignment for one day. On May 24, 1978, however, she requested another assignment because she felt that working on the switchboard was making her nervous, and, when she was told that all of the clerical workers in the office were to rotate assignments and that she would occasionally be required to operate the switchboard, she terminated her employment. After adverse decisions on her application for benefits by the Bureau, a referee and the Board, she brings this appeal.

Section 402(b)(1) of the Law provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . . And provided further . . . that in determining whether or not an employe has left his work voluntarily without cause of a necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four (t). . . .

"Suitable Work" is defined in Section 4(t) of the Law, 43 P.S. §753(t) as follows:

'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. However, notwithstanding any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute, or (2) the remuneration,

hours or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality, or (3) as a condition of being employed, the employe would be required to join a company union, or to resign from, or refrain from joining, any bona fide labor organization.

A claimant becoming unemployed because of a voluntary termination assumes the burden of showing that such termination was for cause of a necessitous and compelling nature. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). The referee found here that the claimant "quit her job because she was dissatisfied with the work she had to do," and the Board found on appeal that the claimant's reason for quitting was that she felt the switchboard work "caused her to become nervous." The Board concluded that this reason did not constitute cause of a necessitous and compelling nature and, because there is substantial evidence of record to support these findings, they are binding on this Court. *Gensheimer v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 62, 317 A.2d 350 (1974).

It is well settled that mere dissatisfaction with one's working conditions is insufficient to establish the necessary justification for terminating employment. *See Mann v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 119, 398 A.2d 743 (1979). Although an aggravation of a nervous condition or any other adverse effect of employment upon an employee's health may constitute a necessitous and compelling cause for terminating employment, *Baldassano v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978), it is clear that the claimant here failed to adduce any medical evidence to support her

allegation as required by *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). *See Schwartz v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 451, 399 A.2d 1141 (1979).

The claimant argues, however, that a determination of ineligibility under Section 402(b)(1) is inappropriate because she was misled as to the nature of the job when it was offered to her, and that the standard should therefore be whether or not the job was "suitable work" within the meaning of Section 4(t) of the Act, 43 P.S. §753(t) and whether or not the claimant had good cause to refuse it under Section 402(a) of the Act, 43 P.S. §802(a). The Board agrees that the "suitability" of employment must be considered, noting that Section 402(a)(1) mandates such a consideration. The Board, however, has held that the work offered to the claimant was suitable, and the record indicates that the claimant had in the past worked on a switchboard and that the job here consisted not only of switchboard operation but of general clerical work which the claimant was indisputably qualified to perform. Based on this evidence we must conclude that the work offered to the claimant was "suitable" within the meaning of the Act.

The Board contends that, in any event, the claimant admitted to the suitability of the work by accepting the proffered employment when she knew switchboard duties would be involved. The claimant, on the other hand, contends that she was deceived as to the nature of the work that she was to perform and thus should not be penalized for accepting the job. *See Mosely v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). In her brief, the claimant concedes that the employer told her in the pre-employment interview that the job required "typing, filing and *answering the*

*phone* and anything that has to do with clerk jobs.'' Based on this information and the fact that the switchboard duty was only temporary and part of the general clerical duties, we do not believe that there was a substantial unilateral change in the employment agreement so as to negate the effect of the claimant's disqualifying action. *Cf. National Freight, Inc. v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 161, 382 A.2d 1288 (1978).

For the foregoing reasons the order of the Board must be affirmed.

### ORDER

AND Now, this 6th day of September, 1979, the order of the Unemployment Compensation Board of Review denying unemployment compensation benefits to Jeanine Milsop is affirmed.