James F. Scott, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 14, 1979, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Michelle R. Terry,* with her, *Nathaniel C. Nichols,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, January 29, 1980:

James F. Scott terminated his employment with the Delaware County Department of Public Works (Employer) on January 30, 1978. When he applied for unemployment compensation benefits under Special Unemployment Assistance Legislation, it was denied by the Bureau of Employment Security, now the Office of Employment Security, the referee and the Unemployment Compensation Board of Review (Board) on the basis that he voluntarily terminated his employment without cause of a necessitous and compelling nature.[1]

The sole issue Scott has raised with us in this appeal is whether he had compelling or necessitous rea-

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2987, *as amended,* 43 P.S. §802(b)(1).

sons for submitting his resignation. After our review of the record, we are satisfied that the Board did not capriciously disregard competent evidence in reaching its conclusions. Therefore, we will affirm. *See Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979).

Scott says he had three reasons for quitting: (1) ill health, (2) reduction in pay and (3) loss of seniority.

Factually, Scott worked for Employer for twelve years. Due to Employer's reorganization which resulted in the consolidation of three incinerator plants into one operation, Scott was assigned as a relief crane operator on the swing shift. His former employment was as a crane operator on the regular day shift. The change resulted in a wage decrease for Scott from $5.26 per hour to $4.60 per hour. His new assignment was in accord with an agreement between Employer and Scott's union regarding which and how affected employees should be "bumped."

After two hearings, the referee concluded that Scott quit because his new work assignment meant less money. There is conflicting evidence concerning Scott's physical condition and a substantial dispute as to whether he ever reported his physical condition (ulcers) to Employer prior to terminating his employment. The conflict is for the Board's resolution. They have done so adversely to Scott. Scott's own testimony is that he was unhappy with the reduction in pay he would suffer with his new assignment. It is for the Board to decide if that was Scott's reason for resigning. They did, again, adversely to Scott. The seniority question arose several years before Scott resigned. Such a lapse of time certainly is inconsistent with "necessitous and compelling" con-

cepts. In summary, we are well satisfied that there is no capricious disregard of competent evidence in this case.

This Court has held that "dissatisfaction with wages and working assignments does not constitute cause of necessitous and compelling nature for terminating ones employment." *Happe v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 486, 487, 395 A.2d 701, 702 (1979). Accordingly, we will affirm the Board.

ORDER

AND Now, this 29th day of January, 1980, the order of the Unemployment Compensation Board of Review, dated August 9, 1978, is hereby affirmed.

Judge DiSALLE did not participate in the decision in this case.