Beverly S. Spinelli, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

359

*Jose A. Gomez,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Francine Ostrovsky,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, December 23, 1981:

Claimant appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] We reverse and remand.

After her divorce, Claimant attempted to sell her home in Pennsylvania and arranged to relocate to Kentucky where she had been offered employment. Claimant began her job in Kentucky on December 4, 1979, and voluntarily terminated said job on January 31, 1980. Thereafter, Claimant returned to Pennsylvania and applied for unemployment compensation.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Pursuant to the Act of July 10, 1980, P.L. 521, Section 402(b)(1) of the Law is now Section 402(b) of the Law, 43 P.S. §802(b).

360

After a hearing at which Claimant's Kentucky employer did not appear, the referee found that "[C]laimant voluntarily separated the employment relationship for personal reasons [which were] that she was not earning sufficient money to maintain an apartment in Kentucky and also meet her mortgage payment . . . for her home located in Pennsylvania." Consequently, the referee held that Claimant left her employment in Kentucky "without cause of a necessitous and compelling nature" as required for eligibility under Section 402(b)(1) of the Law. Without taking additional evidence, the Board affirmed on appeal the referee's decision.

The sole issue on appeal before this Court is whether Claimant's voluntary termination was precipitated by Claimant's dissatisfaction with her wages, or, as Claimant contends, by Claimant's discovery of her employer's deception regarding Claimant's total working hours and aggregate wages.

"In voluntary termination cases, the burden is upon the employee to prove . . . [a] necessitous and compelling reason for leaving. . . ." *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 305, 426 A.2d 719, 721 (1981). Where, as here, the party with the burden of proof did not prevail before the Board, this Court's scope of review consists of determining whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law. *Helsel v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 320, 421 A.2d 496 (1980).

A claimant's initial acceptance of a proffered job raises a presumption of the suitability of the job. *National Aluminum Corp. v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 359,

429 A.2d 1259 (1981). Thus, an employee's subsequent mere dissatisfaction with her wages or working conditions neither rebuts the presumption of job suitability nor justifies the employee's voluntary resignation of employment. *Gehouskey v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 476, 429 A.2d 1280 (1981); *Scott v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 111, 410 A.2d 405 (1980).

Nevertheless, a claimant can rebut the presumption of job suitability by proving either that "a substantial unilateral change in the employment agreement" has occurred or that "the claimant was deceived or unaware of . . . [the onerous] conditions [of employment] when entering into the job." *National Aluminum Corp. v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. at 362, 429 A.2d at 1260; *Hazzard v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 620, 413 A.2d 478 (1980); *National Freight, Inc. v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 161, 382 A.2d 1288 (1978).

In the present case Claimant testified that she agreed to accept employment in Kentucky only because she relied upon the employer's promise of fifty to sixty hours of work each week, at three dollars per hour. Claimant further averred that the promised wages would have permitted her to both rent an apartment in Kentucky and continue mortgage payments on her house in Pennsylvania until its sale. Additionally, Claimant stated that during her nine weeks of employment in Kentucky, she was given only twenty-five to forty hours of work each week, and that consequently, her aggregate wages were not sufficient to maintain residences in both Kentucky and Pennsylvania.

Despite Claimant's unrefuted testimony, the unemployment compensation authorities did not make any findings concerning whether the employer's failure to provide Claimant with the promised number of working hours constituted a deception which resulted in Claimant's relocation to Kentucky. *Falciglia v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 34, 422 A.2d 1204 (1980).

> Here the Board's findings do not meet any of the issues raised by [C]laimant that may be legally determinative. . . . Though findings need not always address themselves to all of the allegations and defenses raised by a claimant, the failure of the Board to address any of the factual issues raised by this claimant certainly makes it impossible to review a legal determination . . . [of ineligibility].

*Unemployment Compensation Board of Review v. Walton*, 21 Pa. Commonwealth Ct. 47, 50, 343 A.2d 70, 72 (1975). "Where the Board fails to make adequate findings sufficient for us to perform our appellate review, the appropriate procedure is a remand." *Falciglia v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. at 38, 422 A.2d at 1207.

Accordingly, we will enter the following

ORDER

AND Now, December 23, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-183766, Appeal No. B-80-6-R-79, dated May 2, 1980, is hereby reversed, and this case is hereby remanded to the Unemployment Compensation Board of Review for findings consistent with this opinion.