Murphy Goodman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1982, before President Judge CRUMLISH and Judges ROGERS and DOYLE, sitting as a panel of three.

*James E. Culp*, for petitioner.

*Charles Donahue*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 29, 1982:

The Pennsylvania Unemployment Compensation Board of Review (Board) denied benefits to Murphy Goodman. We vacate and remand.

While studying law at the University of Pittsburgh, Goodman was employed by that institution for a two-

year period as an academic advisor.[1] After completing his legal studies, Goodman's appointment as an advisor was renewed for one year, during which time he enrolled in evening graduate courses. Using the third year of the triennial as his base period, he applied for benefits when his appointment was not extended beyond the final year since his academic involvement with the University had terminated.

The Bureau of Employment Security determined, without further explanation, that Goodman was "financially ineligible" for benefits. On appeal to the referee, the claimant was informed that the following issues[2] would be considered:

(1) Whether the claimant was able to work and available for suitable work under Section 401(d) of the Unemployment Compensation Law (Law);[3] and

(2) Whether the claimant was paid the qualifying amount of wages in subject employment under Section 404 of the Law.[4]

The referee, however, concluded that Goodman, while serving his third year as an academic advisor, was a student enrolled and regularly attending classes

---

[1] Goodman testified that, as an academic advisor, he counseled undergraduate students in the arts and sciences programs on various matters related to their academic curricula.

[2] When an appeal is taken from a determination by the Bureau of Employment Security, the referee issues to the parties a "Notice of Hearing on Original Appeal" which provides the date, place and time for the hearing. The referee also designates on the Notice, by number or numbers, the issues which will be considered on appeal. The numbers correspond to an attached sheet listing forty-one (41) possible issues arising in appeals before the Board.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §801(d).

[4] 43 P.S. §804.

at the University[5] and, thus, was ineligible for benefits under *Section 4(1)(4)(10)(B)*,[6] which provides that service performed in the employ of a university is *not* deemed "employment" for unemployment compensation purposes if such service is performed by a student "who is enrolled and regularly attending classes at such ... university...." The Board affirmed, without comment, the referee.

The initial burden of proving a right to benefits rests with the claimant. *Wincek v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 201, 204, 439 A.2d 890, 891 (1982). Goodman failed to prevail below, thereby limiting our scope of review to questions of law and, absent fraud, to whether the findings are consistent with each other and can be sustained without a capricious disregard of competent evidence. *Roman v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 44, 47, 413 A.2d 775, 776 (1980).

Goodman first argues that, having been notified that the appeals hearing would be limited to determinations of the "availability for suitable work" and the "qualifying amount of wages" issues, the referee erred by basing a benefits denial on Section 4(1)(4)(10)(B). We agree that the referee on appeal must consider only those charges delineated in the hearing notice. *See Hanover Concrete Co. v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 463, 465, 402 A.2d 720, 721 (1979). Unemployment compensation regulations[7] re-

---

[5] As one of the conditions of employment, the University requires its academic advisors to "register as a regular graduate student for at least two terms per year and maintain satisfactory academic standing and progress."

[6] 43 P.S. §753(1)(4)(10)(B).

[7] 34 Pa. Code §101.87 entitled "Issues considered on original appeal," provides that:

quire that evidence adduced and determinations made at the referee's hearing be limited to the legal issues ruled on by the Bureau. *Corressel v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 437, 439, 385 A.2d 615, 616 (1978). To allow a determination of a different legal issue which the claimant is unprepared to defend or explain (absent, of course, both parties' consent) is fundamentally unfair and, as such, will not be allowed by this Court.

We vacate the Board's denial of benefits and remand to allow Goodman to defend the issue of his status under Section 4(1)(4)(10)(B).[8]

Vacated and remanded.

ORDER

The Unemployment Compensation Board of Review order No. B-80-6-H-825 dated September 25,

---

When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal, the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if speedy administration of justice, without prejudice to any party, will be substantially served thereby.

[8] Being fully aware of the influx of cases before the unemployment compensation authorities, it is with great reluctance that we remand this for further proceedings. We question the validity of the claim by Goodman who, on the one hand, agreed to comply with the University's terms in order to secure an advantage (*i.e.*, an academic advisor's appointment), but who, on the other hand, boldly asserts that he did not fulfill the agreed-upon conditions and that, consequently, he should be rewarded with unemployment compensation benefits for his non-compliance. However, the underlying procedural flaw prevents us from reviewing fully the substantive merits of the case.

1980, is hereby vacated and remanded for proceedings not inconsistent with this Opinion.

Judge MENCER did not participate in the decision in this case.