John V. Fontana, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Jeffrey W. Johasky,* for petitioner.

*Francine Ostrovsky*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, January 20, 1983:

John V. Fontana (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision and denied benefits on the ground that the claimant had voluntarily quit his job without cause of a necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The claimant was employed as a sales director by Holiday Inn (employer), having begun his employment with a week of training in the banquet room of the hotel, working between ten and 12 hours per day. He did not finish his second week, however, because of what he considered physically impossible hours and because he felt that the employer was not producing the type of work conditions which had been initially promised. Although the Board did make a finding on this point, the referee characterized the employer's statements as a misrepresentation. After confronting the employer with his dissatisfaction concerning both the hours and the duties,[1] the claimant stated "he would try it for another day", and the next day was his last day of employment at the hotel.

In a voluntary quit case, the burden of proving good cause lies with the claimant. *See Ferry v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 154, 427 A.2d 716 (1981). And where, as here, the party with the burden of proof has not

---

[1] The claimant contends that he was promised that 90% of his time would be spent in the field. However, during his brief tenure, it appears that he remained within the hotel.

prevailed before the Board, our scope of review as to factual matters is limited to a determination of whether or not the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Jackim v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 5, 437 A.2d 775 (1981).

We understand that the claimant's initial acceptance of a job offer raises a presumption of the suitability of the job. *Spinelli v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 358, 437 A.2d 1320 (1981). And mere dissatisfaction with working conditions neither rebuts that presumption nor justifies voluntary termination. *Id.* The claimant must prove deception as to the conditions, *Hazzard v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 620, 413 A.2d 478 (1980), or a substantial unilateral change in the employment agreement. *National Aluminum Corp. v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 359, 429 A.2d 1259 (1981).

Effective appellate review of this case, however, is made impossible because of the sketchiness of the record below. There are areas where findings either do not exist or at best are incomplete. The terms of the contract for hire are not in the Board's findings. Although the Board's findings indicate that the claimant was not informed of his hours, its discussion notes that the claimant was advised that the job would entail an average of 60 hours per week. Obviously one of these statements is not correct. The Board makes no findings at all as to whether or not the claimant's allegations as to his health were believed or disbelieved, or as to whether or not the employer misrepresented the responsibilities of the job. In deciding against the claimant, the Board needed some evidence upon which to rely, but the record consists of only the claimant's

testimony[2] and some exhibits introduced by the employer, one of which, some notes taken by a case worker of a three-way telephone communication among the employer's representaive, the claimant, and the case worker, is so poorly written so as to be illegible and incomprehensible.

Given the glaring inconsistencies in the findings made and the failure of the Board to make necessary findings of fact on the determinative legal questions presented, it is impossible for this Court to review this case effectively. We must, therefore, vacate the Board's order and remand for further proceedings not inconsistent with this opinion. *Spinelli.*

ORDER

AND Now, this 20th day of January, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and the case remanded for further proceedings consistent with this opinion.

---

[2] The employer did not appear at the referee's hearing.