Patricia A. Brenner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on Briefs May 9, 1983 to Judges ROGERS, BLATT, and DOYLE, sitting as a panel of three.

*Harold I. Goodman,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, July 8, 1983:

Patricia A. Brenner (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits under Section 402(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a) (failure to apply for suitable work).

The referee, after a hearing at which no one appeared,[1] issued a decision in which the findings of fact were as follows:

1. Claimant was last employed by the Selinsgrove Center as a dietary aide from October 20, 1980 until April 21, 1981, when she was separated for reasons not at issue in this appeal.

2. On December 22, 1981, claimant was called by phone and offered employment as a dietary aide at $3.80 an hour by Victor Temporary Services at the Wood School, Langhorne, Pennsylvania.

3. Claimant refused the offer because it was "too far to travel."

---

[1] The claimant submits that she had requested a continuance of the hearing because her attorney had a previous engagement and could not attend. The record does not reveal that the claimant sought a continuance or that the referee ever ruled upon such a request. The record does indicate, however, that the claimant's attorney called the referee's office after the decision was rendered and requested another hearing. The receptionist receiving the call stated that another hearing could not be arranged and that appeal to the Board was available.

These findings were apparently based upon documents of the Office of Employment Security (OES) which were introduced into evidence by the *referee*.

The record as it stands is not sufficient for us to exercise our appellate review. The documents it contains do not support the referee's finding that the claimant was informed as to the wages or the location of the job offer in Langhorne. In fact, the claimant stated on the summary of interview form that "he didn't explain where job was, how far and salary." Moreover, while the referee found that the claimant refused to accept because the job offered was "too far to travel", transportation difficulties may constitute good cause for a refusal of an employment offer. *See Treon v. Unemployment Compensation Board of Review*, Pa. , 453 A.2d 960 (1982). Some inquiry, therefore, should have been made along this line, but there is no evidence in the record as to the actual distance between the claimant's residence and the employment site, the availability or lack of availability of public transportation, or any of the several other factual questions left unanswered by the referee's decision.

In light of the glaring deficiencies in both the referee's findings and the record before us, it is impossible for us to review the matter effectively. We will, therefore, vacate the Board's order and remand for evidentiary proceedings. *Spinelli v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 358, 437 A.2d 1320 (1981); *Fontana v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 274, 454 A.2d 678 (1983).

ORDER

AND Now, this 8th day of July, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and the case remanded for evidentiary proceedings not inconsistent with this opinion. Jurisdiction relinquished.