Robert L. Heckman, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 30, 1984, to Judges WILLIAMS, JR., BARRY and PALLADINO, sitting as a panel of three.

*James M. Horne, McQuaide, Blasko, Schwartz, Fleming & Faulkner, Inc.*, for petitioner.

*Richard F. Faux*, Associate Counsel, with him, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 13, 1984:

Robert L. Heckman (claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee denying benefits under Section 401(c)[1] and 402(b)[2] of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* and holding the claimant to be in receipt of a fault overpayment of benefits under Section 804(a)[3] of the Act.

---

[1] Section 401(c), 43 PS. §801(c), provides that:

[c]ompensation shall be payable to any employe who is or becomes unemployed, and who—[h]as made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department.

We note that the OES did not rule under Section 401(c) and the referee did not list it on the Hearing Notice as one of the issues to be considered at the hearing, nor did he request the permission of the parties at the hearing to consider this issue. *Goodman v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 52, 447 A.2d 1127 (1982). However, due to our conclusion that this case must be remanded on other grounds, we need not decide whether this failure would necessitate a remand.

[2] Section 402(b), 43 P.S. §802(b), provides, in pertinent part, that:

[a]n employe shall be ineligible for compensation for any week—[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . . and that in determining whether or not an employe has left his work voluntarily without cause of a necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four (t) . . . .

[3] 43 P.S. §874(a).

The claimant, who, for the weeks at issue, filed claims for Extended Benefits (EB),[4] accepted a temporary job in November, 1981 with Orenstein & Koppel, Inc. (employer) in New Jersey. He is a diesel mechanic who was hired to dismantle a piece of heavy equipment. At the time of hire, it was contemplated by the claimant and the employer that his employment would last for four weeks. Also, at the time of hire, the claimant explained to the employer that his wife had left him and that he was responsible for the care of his two children, ages fifteen and seven. He made provisions for alternate care for his children during the week and he returned to his home in the Bellefonte, Pa., area on weekends to care for his children.

After working for three weeks, he completed this project and the employer offered him a permanent job. Due to the absence of his wife and his need to care for his children, the claimant rejected the employer's offer.

Although there is no testimony on this point, the notes of the Office of Employment Security (OES) representative on the reverse of the claimant's Summary of Interview form indicate that the claimant could not obtain the services of another person to care for his children after the first three weeks that he spent in New Jersey. These notes also reveal that the proffered job would have required the claimant to travel throughout the United States.[5]

---

[4] The Extended Benefits Program provides for several more weeks of benefits to a claimant who has exhausted regular unemployment compensation benefits and meets the other requirements to establish eligibility for extended benefits. *See* Article IV-A of the Act, §§401-A-408-A, 43 P.S. §§811-818.

[5] Although the referee entered this document into the record without objection, he made no attempt to complete the record by

As has been indicated, the record herein reveals that for the weeks at issue, the claimant filed claims under the EB Program; however, neither the OES, the referee nor the Board took cognizance of the applicability of the EB provisions in determining his eligibility. This failure is material to our review because even though Section 402-A[6] renders an EB claimant ineligible if he would be ineligible under Section 402(b), and even though Section 402(b) mandates a determination of whether the work which was voluntarily terminated was "suitable" as defined by Section 4(t) of the Act,[7] the EB provisions of the Act

---

questioning the claimant as to these pertinent matters. Such a failure is inconsistent with a referee's duty to question the parties to the extent necessary to compile a complete record. *Bennett v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 455, 445 A.2d 258 (1982). Were it not for the necessity to remand this case on other grounds (*see* note 1), this failure, condoned by the Board, would, of itself, necessitate a remand.

[6] Section 402-A, 43 P.S. §812, provides that:

[e]xcept when the result would be inconsistent with the other provisions of this section, as provided in the regulations of the Secretary of Labor and Industry, the provisions of this act which apply to claims for, or the payment of, regular benefits shall apply to claims for, and the payment of, extended benefits . . . .

[7] Section 4(t), 43 P.S. §753(t), defines "Suitable Work" as:

All work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing conditions of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. However, notwith-

set forth an alternative definition of "suitable work" which must be utilized in determining whether an EB claimant voluntarily terminated employment for a necessitous and compelling reason by not accepting an offer of continuing employment.[8]

standing any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute, or (2) the remuneration, hours or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality, or (3) as a condition of being employed, the employe would be required to join a company union, or to resign from, or refrain from joining, any bona fide labor organization.

[8] Section 403-A(d), 43 P.S. §813(d), provides that:

(1) For the purposes of this section, the term "suitable work" means, with respect to any individual, the requirements contained in clauses (i) and (ii) below:

(i) Any work which is within such individuals capabilities: Provided, however, That the gross average weekly remuneration payable for the work must exceed the sum of the following:

(A) The individual's extended weekly benefit amount as determined under section 404-A (relating to the extended benefit program).

(B) The amount, if any, of supplemental unemployment benefits (as defined in section 501(c)(17)(D) of the Internal Revenue Code of 1954, payable to such individual for such week.

(ii) Pays wages not less than the higher of:

(A) the minimum wage provided by section 6(a)(1) of the Fair Labor Standards Act of 1938, without regard to any exemption; or

(B) the applicable State or local minimum wage.

(2) No individual shall however be denied shareable regular benefits or extended benefits for failure to accept an offer of or apply for any job which meets the definition of suitability as described above if:

(i) the position was not offered to such individual in writing or was not listed with the employment service:

In reaching his decision, the referee made findings of fact pertinent to Sections 401(c), 402(b) and 804(a); however, he made no findings from which a determination could be made under the relevant EB provisions. Without such findings, we are unable to perform our appellate review and must remand this case to the Board so that the necessary fact-finding may be accomplished. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975); *Bornstein v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 521, 451 A.2d 1053 (1982).[9]

### ORDER

AND NOW, this 13th day of April, 1984, the order of the Unemployment Compensation Board of Review, Decision No. B-208039, is vacated and the record is remanded to the Board for the making of further findings, and, if necessary, for further proceedings, in accordance with this Opinion.

Jurisdiction relinquished.

---

(ii) such failure could not result in a denial of benefits under the definition of suitable work for regular benefit claimants in section 4(t) to the extent that the criteria of suitability in that section are not inconsistent with the provisions of this subsection; or

(iii) the individual furnishes satisfactory evidence to the department that his or her prospects for obtaining work in his or her customary occupation within a reasonably short period are good. If such evidence is deemed satisfactory for this purpose, the determination of whether any work is suitable with respect to such individual shall be made in accordance with the definition of suitable work regular benefit claimants in section 4(t) without regard to the definition specified by this subsection. (Footnote omitted.)

[9] Of course, if the Board determines that the record in this case is inadequate to make such findings, then it may order a remand hearing. *Brenner v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 428, 461 A.2d 921 (1983).