Nancy A. Regan, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 12, 1984, to Judges WILLIAMS, JR., CRAIG and COLINS, sitting as a panel of three.

*Joseph P. Burt,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, June 1, 1984:

Nancy A. Regan (claimant) appeals from an order of the Pennsylvania Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying her benefits under Section 403-A(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §813(h). The issue is whether the Board erred in denying all federally-funded extended benefits to claimant because she voluntarily left her previous part-time job.

Claimant became eligible for unemployment compensation benefits in April of 1981, such benefits to continue until December 19, 1981. Subsequently, claimant found a part-time job as a correspondent. On November 14, 1981 claimant voluntarily quit her part-time job. In accordance with this Court's decision in *Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976), the Board determined that Ms. Regan's benefit amount should remain reduced by the thirty-five ($35.00) average weekly rate which she had been receiving in her employment.

In January of 1982 claimant began receiving extended benefits and received a total of four hundred forty dollars ($440.00). The referee held that claimant was not entitled to extended benefits, as she voluntarily quit her last employment.

The applicable portion of the Act, Section 403-A (h), 43 P.S. §813(h), states that "[a]n individual

shall not be eligible to receive . . . extended benefits . . . if such individual has been disqualified for regular benefits, shareable regular benefits, or extended benefits under this Act because he or she voluntarily left work.''

Claimant contends that her entitlement to extended benefits should merely be reduced by the amount that her regular benefits had been reduced. We agree and reverse.

In *Fabric*, 24 Pa. Commonwealth Ct. at 240, 354 A.2d at 908, we held ''that when a claimant voluntarily leaves part-time employment within the meaning of Section 402(b)(1) of the Act, 43 P.S. §802(b)(1), he is rendered ineligible for further benefits only to the extent that his benefits were decreased by virtue of his part-time earnings.''

There is no basis for distinguishing between Section 402(b)(1) and Section 403-A(h). ''Both . . . are general eligibility provisions which are routinely applied in appropriate cases.'' *Id.* at 240, 354 A.2d at 908. There is nothing inherent in Section 403-A(h) which would render the application of the procedure dictated by *Fabric* ''illogical, unwise, or contrary to the purposes of the Act.''

We, thus, hold that an applicant for federally-funded extended benefits under Section 403-A(h) of the Act, 43 P.S. §813(h), who has voluntarily left part-time employment shall be ineligible for such benefits only to the extent that such benefits were decreased by her part-time earnings.

### ORDER

AND Now, June 1, 1984, the Order of the Unemployment Compensation Board of Review in the above-referenced matter is reversed and remanded for the computation of benefits due claimant. Jurisdiction relinquished.