Joseph M. Lopata, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 12, 1984, to Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Jerry B. Landis,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, November 27, 1984:
Joseph M. Lopata, claimant, appeals a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits to him.

The referee made the following findings:

1. Claimant was last employed by National Delivery Service, Inc. as a newpaper [sic] delivery person at a pay rate of $3.50 per hour, and his last day of work was March 10, 1982.

2. On March 6, 1982, the employer interviewed the claimant for the position and the claimant was told he would be required to deliver 107 copies of the Wall Street Journal and would have to make between 100 and 120 stops per night, for which he would be paid $3.50 per hour for a total of 3½ hours of work.

3. The claimant was also told he would be paid 21 cents per mile for 21 miles for driving his

vehicle in the delivery of the newspapers each morning.

4. Claimant was to be given $2.00 daily allowance for use of his vehicle in bad weather in addition to the 21 cents per mile.

5. The employer estimated it would take claimant 2½ hours to complete the route, but the claimant would still be paid for 3½ hours each morning.

6. Claimant worked on March 9 and 10, 1982, and then contacted his employer at 4:30 P.M. on March 10, 1982 to state he had discussed his job with his wife and decided it was not profitable for him to continue on his job as he had to seek full time employment.

7. Claimant had no definite prospects of work at the time he terminated his employment, and claimant has had no subsequent work since his termination.

8. Continuing work was available to the claimant had he desired to remain on the job.

The referee determined that the claimant failed to meet his burden of proving that his unemployment was due to voluntarily leaving work for cause of a necessitous and compelling nature pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] The claimant testified that he was employed on a part-time basis but after discussing the situation with his wife he decided he had to seek full-time employment and that it was not profitable for him to work part-time. The referee, therefore, concluded that since the claimant had no definite offer of other employment and could have continued to work part-time,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b).

he had voluntarily terminated his employment without cause of a necessitous and compelling nature. The referee, moreover, found the claimant to be ineligible under Section 403-A(h) of the Law to receive shareable regular benefits or extended benefits because claimant was disqualified under Section 402(b) of the Law and, subsequently, did not perform services in an employer-employee relationship for remuneration following the date of his ineligibility. In essence, the referee determined that a claimant who accepts part-time work during his eligibility period for benefits and thereafter voluntarily leaves that part-time position is automatically ineligible to again receive benefits as a result of the original separation even if there is a necessitous and compelling cause for the voluntary quit. The referee's decision was affirmed by the Board and this appeal followed.

Our scope of review in unemployment compensation appeals where the decision below was adverse to the party who bore the burden of proof is limited to determining whether findings of fact are consistent with each other and conclusions of law and whether findings can be sustained without a capricious disregard of competent evidence. *Helsel v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 320, 421 A.2d 496 (1980).

Claimant alleges that he was employed by United States Steel for several years before he was laid off in November, 1981, through no fault of his own. He subsequently received maximum unemployment compensation benefits totalling $198.00 per week. He further alleges that the unemployment office advised him that he could secure part-time employment which paid him no more than $70.00 per week and that these earnings would not affect his receipt of unemployment compensation benefits. He also alleges that he was not in-

formed that by leaving part-time employment which paid less than $70.00 per week, he would jeopardize his right to continue to receive unemployment benefits.

Claimant argues that the discontinuance of benefits after his effort to secure part-time work is inconsistent with the remedial intent of the Law. He contends that the legislature did not intend the provisions of Section 402(b) and Section 403-A(h) of the Law to apply to these facts because an unemployed individual is then discouraged rather than encouraged to seek supplementary income. Although the referee did not make specific findings regarding claimant's previous employment and reception of unemployment benefits, he determined claimant to be ineligible for shareable regular benefits or extended benefits which we believe, from the record, he had received as a result of his employment and layoff from United States Steel.[2] Finally, claimant asserts that he was not actually "employed" by National Delivery, Inc. under the Law because he offered his two-day service as a training period, never was paid, and never had social security or other deductions made.

The position of the Board is that the referee's findings are amply supported by the evidence. It contends that the claimant failed to meet his burden and, therefore, was denied benefits.

Under Section 402(b) of the Law, an employee is ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. §802(b). The claimant, likewise, is ineligible to receive shareable regular benefits or extended benefits, under Section 402(b) of the Law, if, during any week of unemployment in his eligibility period, he:

[2] There is some indication in the record (claimant's U.C.-100 card) that claimant had been employed by United States Steel.

has been disqualified for regular benefits, shareable regular benefits, or extended benefits under this act because he or she voluntarily left work, was discharged for willful misconduct or failed to accept an offer of or apply for suitable work unless the disqualification imposed for such reasons has been terminated by the individual performing services in an employer-employe relationship (whether or not services were in employment as defined by this act) for remuneration subsequent to the date of such disqualification.

43 P.S. §813(h).

Upon review of the record, we believe the referee's findings are incomplete. The record demonstrates that claimant had been employed by United States Steel and, presumably, received unemployment benefits when he was laid off. However, no findings were made regarding this employment prior to his part-time stint with National Delivery, Inc., the amount of benefits received when he was laid off, or the amount of supplementary income claimant could have earned without affecting his unemployment compensation benefits. The referee's decision, moreover, implies that claimant had received extended benefits as a result of his previous employment for which he ruled claimant ineligible because he voluntarily left part-time work. We, however, cannot assess these circumstances without further findings because it is entirely possible that claimant is, in fact, eligible for benefits.

In *Snyder v. Unemployment Compensation Board of Review*, 194 Pa. Superior Ct. 622, 169 A.2d 578 (1961), claimant's employer lost an important client and thus could not afford her as a full-time employee. She was offered two days' work per week for $28.00 or a net pay of $23.94 after taxes. Claimant refused

the job because she would have been paid less than the $35.00 per week she would have received as unemployment compensation. The court held that receipt of an offer for salary less than unemployment benefits was a sufficient reason for leaving employment, thereby entitling her to unemployment compensation benefits. In *Unemployment Compensation Board of Review v. Fabric*, 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976), we held that a claimant was under no obligation to seek employment which paid less than his partial benefit credit[3] and, because claimant's earnings on part-time employment were not in excess of his partial benefit credit, he was entitled to unemployment compensation. We, therefore, concluded that the part-time job must yield income in excess of the partial benefit credit before the claimant could be denied benefits because of a voluntary separation.

*Snyder* and *Fabric* do not directly interpret Section 403-A(h) of the Law. However, to interpret this section in the same way as the referee and the Board would be inconsistent with the remedial nature of the Law. Under this section, according to the Board, a person is absolutely "disqualified" for regular, shareable, or extended benefits if "he or she voluntarily left work, was discharged for willful misconduct or failed to accept an offer of or apply for suitable work" unless one acquires another job for remuneration after his or her disqualification. Under Sections 402(a) and and 402(b), however, one may show good cause for not

---

[3] "Partial Benefit Credit", under Section 4(m.3) of the Law, means that part of the remuneration if any paid or payable to an individual with respect to a week for which benefits are claimed under the provisions of this act which is not in excess of forty per centum (40%) of the individual's weekly benefit rate or six dollars whichever is the greater. Such partial benefit credit if not a multiple of one dollar ($1) shall be computed to the next higher multiple of one dollar ($1). 43 P.S. §753 (m.3).

applying for or accepting suitable work, or for voluntarily terminating his employment respectively. In order to read Section 403-A(h) of the Law in conjunction with these sections, therefore, its provisions must be interpreted to include the "good cause" language of both Sections 402(a) and 402(b) of the Law. By doing so, these provisions of the Law are consistent with one another.

Claimant would be eligible for unemployment compensation if the amount he would have earned as a part-time employee with National Delivery, Inc. was less than his partial benefit credit or the amount of supplementary income claimant could have earned without affecting his unemployment compensation benefits. Under these conditions, claimant would have had cause of a necessitous and compelling nature to quit work and Section 403-A(h) would not be an absolute bar to the recovery of benefits. We, therefore, must remand the case for further findings and conclusions regarding claimant's employment previous to that at National Delivery, Inc., the benefits he had received as a result of that employment, and his partial benefit credit or amount of allowable supplementary income.

For the reasons set forth herein, we remand the case to the Board for further action consistent with this opinion.

### ORDER

Now, November 27, 1984, the order of the Unemployment Compensation Board of Review, dated July 2, 1982, No. B-207467, is remanded to the Unemployment Compensation Board for further action consistent with this opinion.

Jurisdiction relinquished.