Nancy V. Gray, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 29, 1985, to Judges ROGERS and CRAIG and Senior Judge BARBIERI, sitting as a panel of three.

*Geoffrey M. Biringer,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, March 20, 1985:

Nancy V. Gray, Claimant, appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits under Section 403-A(h) of the Unemployment Compensation Law (Law).[1]

The sole issue raised for our review is whether the Board erred in denying all shareable regular benefits[2] to Claimant because she voluntarily left her part-time job. On October 11, 1982, while receiving unemployment compensation benefits, Claimant took a part-time job as a store clerk at Handy Markets, Inc., for twenty hours per week at a pay rate of $3.35 per hour. She quit the job later that day. On October 25, 1982, a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §813(h).

[2] Section 401-A(i) of the Law 43 P.S. §811(i), defines "shareable regular benefits" as "regular benefits payable for compensable weeks in an individual's eligibility period which exceed twenty-six times the individual's weekly benefit rate (including allowances for dependents) in regular benefits paid during the individual's benefit year." Section 401-A(e) defines "regular benefits" as "benefits payable to an individual under this act or any other State law . . . other than extended benefits" and Section 401-A(f) defines "extended benefits" as "benefits . . . payable to an individual under the provisions of this section [The Extended Benefits Program, Sections 401-A-408-A of the Law, 43 P.S. §§811-818] for weeks of unemployment in his eligibility period."

The federal government reimburses the state for one-half of the shareable regular benefits paid out by the state. *See* Section 204(a) of the Federal-State Unemployment Compensation Act of 1970, Pub. L. 91-373, Title II, 84 Stat. 708, *as amended,* as referenced in Historical Note 2, 26 U.S.C.A. 3304.

referee found, under Section 402(b) of the Law,[3] that Claimant had left work without cause of a necessitous and compelling nature. Pursuant to this Court's decision in *Unemployment Compensation Board of Review v. Fabric*, 24 Pa. Commonwealth Ct. 238, 354 A. 2d 905 (1976), the referee reduced Claimant's regular benefits by $67.00 per week.[4] Claimant did not appeal the referee's decision. Claimant subsequently applied for shareable regular benefits, commencing the week of April 9, 1983. The referee, as affirmed by the Board, denied *all* shareable regular benefits under Section 403-A(h) of the Law,[5] on the grounds that *Fabric* applies only to the denial of regular benefits under Section 402(b) of the Law, but not to the denial of shareable regular benefits under Section 403-A(h) of the Law.

Claimant, citing *Fabric,* argues that her shareable regular benefits should have been reduced rather than terminated. In *Fabric,* this Court held that "when a

---

[3] 43 P.S. §802(b). Section 402(b) provides that an employee is ineligible for compensation for any week "[i]n which the unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

[4] Claimant was to earn $67.00 per week at her part-time job, since she was to work 20 hours per week at a pay rate of $3.35 per hour.

[5] 43 P.S. §813(h). Section 403-A(h) provides:

An individual shall not be eligible to receive shareable regular benefits or extended benefits with respect to any week of unemployment in his eligibility period if such individual has been disqualified for regular benefits, shareable regular benefits, or extended benefits under this act because he or she voluntarily left work, was discharged for willful misconduct or failed to accept an offer of or apply for suitable work unless the disqualification imposed for such reasons has been terminated by the individual performing services in an employer-employe relationship (whether or not services were in employment as defined by this act) for remuneration subsequent to the date of such disqualification.

claimant voluntarily leaves part-time employment within the meaning of Section 402(b)(1) of the Act, he is rendered ineligible for further benefits only to the extent that his benefits were decreased by virtue of his part-time earnings.'' *Id.* at 242-43, 354 A.2d at 908.

In *Regan v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 648, 476 A.2d 483 (1984), this Court held that "an applicant for federally-funded extended benefits . . . who has voluntarily left part-time employment shall be ineligible for such benefits only to the extent that such benefits were decreased by her part-time earnings.'' *Id.* at 650, 476 A.2d at 484. The Court reasoned:

> There is no basis for distinguishing between Section 402(b)(1) and Section 403-A(h). "Both . . . are general eligibility provisions which are routinely applied in appropriate cases.'' *Id.* at 240, 354 A.2d at 908. There is nothing inherent in Section 403-A(h) which would render the application of the procedure dictated by Fabric "illogical, unwise, or contrary to the purposes of the Act.''

*Id.* at 650, 476 A.2d at 484.

Based on the Court's reasoning in *Regan,* we believe that *Fabric* applies to the denial of shareable regular benefits under Section 403-A(h) of the Law. We see no basis for distinguishing between the denial in *Regan* of federally-funded extended benefits under Section 403-A(h) of the Law and the denial in the present case of shareable regular benefits under that same statutory section. Consequently, we hold that Claimant is entitled to shareable regular benefits, reduced to the extent of her part-time earnings.[6]

---

[6] *See Lopata v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 160, 484 A.2d 219 (1984).

The Board, relying on Section 202(a)(4) of the Federal-State Extended Unemployment Compensation Act of 1970,[7] argues that our holding in *Regan* is invalid and that *Fabric* cannot apply to cases involving federally-funded extended or regular shareable benefits.  Section 202(a)(4) provides:

> No provision of State law which terminates a disqualification for voluntarily leaving employment, being discharged for misconduct, or refusing suitable employment shall apply for purposes of determining eligibility for extended compensation unless such termination is based upon employment subsequent to the date of such disqualification.

We believe, however, that Section 202(a)(4) is inapplicable to the present case.  Section 202(a)(4) applies only to provisions of State law which terminate a disqualification, whereas the rule set forth in *Fabric* does not terminate a disqualification, but merely provides that a disqualification due to a voluntary separation shall be partial under certain circumstances.

Accordingly, the decision of the Board will be reversed.[8]

---

[7] Pub. L. 91-373, Title II, 84 Stat. 708, *as amended*, as referenced in Historical Note 2, 26 U.S.C.A. 3304.

[8] Claimant also argues that the Board may not deny benefits based on its interpretation of Section 403-A(h), without first promulgating that interpretation as a regulation and otherwise complying with the provisions of the Act of July 31, 1968, P.L. 769, *as amended*, 45 Pa. C. S. §721, *et seq.*, formerly known as the Commonwealth Documents Act.  *See Larson v. Pennsylvania Turnpike Commission*, 86 Pa. Commonwealth Ct. 323, 335 n.15, 485 A.2d 83, 89 n.15 (1984).  In light of our determination that *Fabric* controls the present case, we need not reach this issue.

ORDER

AND Now, March 20, 1985, the order of the Unemployment Compensation Board of Review, No. B-222721, dated September 29, 1983, is reversed.

Judge WILLIAMS, JR., did not participate in the decision in this case.