525 A.2d 1249

Joseph E. Glesk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 27, 1987, to Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Frank J. Lucchino, Grogan, Graffam, McGinley, Solomon & Lucchino,* for petitioner.

*Samuel H. Lewis,* Associate Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, May 18, 1987:

Joseph E. Glesk (Claimant), as token petitioner for similarly situated members of the United Steel Workers of America, Local 1187, has appealed from an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision declaring Claimant to be financially ineligible for benefits. We affirm.

Claimant filed a claim for unemployment compensation benefits on October 7, 1984. The Office of Employment Security (OES) determined that he was financially ineligible for benefits as his base year earnings were insufficient. Claimant appealed from this determination. In the Notice of Hearing on Original Appeal, Claimant's employer, Wheeling-Pittsburgh Steel Co., was advised that the following issues would be considered at a hearing before a referee: 1) whether Claimant was able and available for suitable work under Section 401(d) of the

Unemployment Compensation Law (Law),[1] and 2) whether Claimant was paid the qualifying amount of wages in subject employment under Section 404 of the Law.[2]

The hearing was held on November 26, 1984. Claimant[3] advanced two theories at that hearing. He first submitted that wages he earned during the pay period ending March 24, 1984, but which he did not receive until April, 1984 were improperly allocated to the second quarter of 1984, when the employer reported them. Had these wages been allocated to the first quarter of that year, Claimant would have been eligible for benefits. Secondly, Claimant contended that the value of certain contractually-negotiated wage concessions between his union and employer should have been considered as compensation for the purpose of determining his financial eligibility for benefits.[4] The referee specifically declined to rule on the latter issue because it was not raised before the OES and the employer was unaware of it. While he did accept testimony on the concessions issue and commented upon it in his decision, the referee was careful to limit his ruling to the one issue properly before him, the wage allocation issue. He determined that Claimant was financially ineligible for benefits because his March wages were properly allocated to the second quarter of 1984, as they were actu-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §801(d).

[2] 43 P.S. §804.

[3] Claimant was selected as token petitioner from a group of 21 claimants. While each claimant's factual situation is slightly different with respect to dates and earnings, the basic issues raised by all are the same.

[4] These concessions included receiving preferred stock in lieu of wages, accepting a wage decrease of approximately $1.50 per hour, and foregoing payment for vested vacation time.

ally paid to Claimant in that quarter. On appeal, the Board affirmed the referee's decision without comment.

Claimant has appealed to this Court from the Board's order. In his three-page brief, he has raised only one issue: whether the value of the concessions ought to have been included in calculating the amount of his compensation. We must determine whether, as the Board contends, this issue has been waived, and whether a remand is proper under the circumstances.

We find the case of *Hanover Concrete Co. v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 463, 402 A.2d 720 (1979) to be controlling. In that case, the claimant was a truck driver who was dismissed from his job on the grounds of willful misconduct under Section 402(e) of the Law.[5] He was notified that the reason for his dismissal was that he publicly disparaged a customer's credit rating on one occasion. However, at the hearing before a referee, the employer presented evidence, over objection, of additional grounds for discharging the claimant. The referee did not consider that testimony in his decision awarding benefits, and the Board affirmed. This Court affirmed, noting that to allow the Board to consider testimony outside the realm of the issues as presented to the Bureau (now Office) of Employment Security would be "fundamentally unfair and, absent mutual consent . . . , prohibited." *Id.* at 465, 402 A.2d at 721.

Various provisions of the unemployment compensation regulations found in the Pennsylvania Code support this view. First, the regulations provide that the notice of the appeal hearing is to set forth the specific issues to be considered. 34 Pa. Code §101.85(a). Secondly, the referee is directed to consider only those issues expressly ruled upon by the Department of La-

---

[5] 43 P.S. §802(e).

bor and Industry, unless the parties agree otherwise. 34 Pa. Code §101.87. Lastly, 34 Pa. Code §101.107(a) provides that "issues not previously considered or raised will not be considered by the Board, either upon application for, or in the determination of an appeal unless the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record." We find that the actions of the referee and Board were proper in light of these regulations and applicable legal precedent. Accordingly, the issue presented in this appeal is not properly before us. *See also* Pa. R.A.P. 1551(a); 1 R. Darlington, K. McKeon, D. Schuckers & K. Brown, Pennsylvania Appellate Practice §1551:2 (1986).

While the provisions of Pa. R.A.P. 1551(a) allow us to remand a case where appropriate, we decline to do so here. This case is clearly distinguishable from cases such as *Corressel v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978) and *Goodman v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 52, 447 A.2d 1127 (1982), in which this Court remanded for consideration of issues which formed the basis for the referee's decision but which had not been raised in the notice of the original appeal. In those cases, the petitioner had been prejudiced by the consideration of an issue which he was not prepared to defend. Such is not the case here. Because the referee limited his ruling to the issue before him, for which both parties were prepared to present evidence, there was no prejudice to the Claimant.[6]

---

[6] In addition, from our thorough review of the entire record, we can find no indication that Claimant ever requested that this matter be remanded, despite the referee's apparent willingness to allow Claimant to seek an OES determination on the concessions issue.

As mentioned above, Claimant has only raised one issue in this appeal, choosing not to question the validity of the Board's affirmance of the referee's decision with respect to the proper quarter to which Claimant's wages were allocated. Because the two issues involved in this case are distinct, we do not believe that the issue upon which the ruling was made can be deemed to be a "subsidiary question fairly comprised" within the concessions issue. Pa. R.A.P. 1513(a). Therefore, because that former issue is not suggested by the latter, we decline to consider it. *See also* Pa. R.A.P. 2116(a).

For the foregoing reasons, we affirm the order of the Board.

### ORDER

AND NOW, this 18th day of May, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated April 18, 1985, is hereby affirmed.