535 A.2d 716

Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Allen W. Fritchman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1987, to Judges MACPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Debra L. Mazen,* Assistant Counsel, with her, *Margaret D. Blough,* Deputy Chief Counsel, for petitioner, Department of Labor and Industry, Office of Employment Security.

*William H. Agnew,* for petitioner, Allen ˙W. Fritch-man.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 8, 1988:·

Allen W. Fritchman (Claimant) petitions for our review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's order denying Claimant benefits and assessing a non-fault overpayment. The Office of Employment Security (OES) has also petitioned for our review of the Board's decision insofar as it affirmed a referee's decision to modify OES' assessment of a fault overpayment to a non-fault overpayment. These appeals were consolidated, sua sponte, for review before this Court. For the reasons which follow, we affirm the Board's determination insofar as it denies Claimant benefits for compensable weeks ending· November 12, 1983 through ·September 8, 1984, and we reverse the Board's order insofar as it imposes a non-fault overpayment and reinstate OES' determination of a fault overpayment.

Our review of the record reveals that Claimant had been employed by Taylor-Wharton for approximately 22 years performing skilled and semi-skilled work. On August 31, 1983, Claimant went on strike from Taylor-Wharton and since he was not receiving strike benefits, Claimant took a full-time, temporary, unskilled position with Peoples Coal in mid-September, 1983. Claimant's position at Peoples Coal was understood by both Claimant and that employer to be temporary, lasting only until the strike at Taylor-Wharton ended.[1] On November

---

[1] Claimant had accepted temporary employment with Peoples Coal in the past when Taylor-Wharton had been on strike.

2, 1983, however, Claimant learned that Taylor-Wharton was to close permanently and that he might be eligible for unemployment benefits. The next day, Claimant informed his temporary employer, Peoples Coal, that Taylor-Wharton was closing and that he, therefore, found it necessary to quit Peoples Coal to look for work commensurate with his position with Taylor-Wharton.[2]

On November 4, 1983, Claimant applied for and received unemployment compensation benefits indicating on his application for benefits his employment with Taylor-Wharton, but not his most recent employment with Peoples Coal.[3] After receiving compensation for approximately 44 weeks, Claimant obtained employment with a painter which lasted approximately four months and then Claimant again, on January 3, 1985, applied for unemployment benefits. This time, Claimant did indicate on his application for benefits his work for Peoples Coal and he again received benefits. Upon learning of Claimant's employment with Peoples Coal, however, OES determined that Claimant was not eligible for benefits for the 44 week period during which he had already received benefits, specifically, claim weeks ending November 12, 1983 through September 8, 1984 because he had voluntarily quit his position with Peoples Coal without good cause.[4] OES also assessed a

---

[2] At Peoples Coal, Claimant was paid approximately ⅓ of what he had been paid by Taylor-Wharton and because the position with Peoples Coal was temporary, there were no benefits. Claimant's employment with Taylor-Wharton had provided substantial medical, dental, vacation and sick leave benefits.

[3] The application for benefits specifically asked Claimant to name his most recent employer.

[4] *See* Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

fault overpayment.[5] On appeal, a referee affirmed OES' decision in part but modified OES' determination of a fault overpayment to a non-fault overpayment. The Board affirmed the referee's decision as modified. The present appeals followed.

Claimant argues here that he is entitled to benefits for the claim weeks in question since his voluntary quit was with cause of a necessitous and compelling nature in that the position with Peoples Coal was not suitable employment. Claimant also argues that even if this Court determines that his voluntary quit was without good cause, he is still entitled to partial benefits and that he cannot now be assessed a fault overpayment since the only evidence of record on the issue of Claimant's state of mind indicates that he was free of fault.

OES argues that some critical factual findings of the Board lack supporting evidence and that without those factual findings a fault overpayment is mandatory since Claimant's culpable state of mind is apparent.

The Board argues that Claimant is disqualified from receiving benefits for the claim weeks in question due to his voluntary quit without cause of a necessitous and compelling nature and the Board agrees with OES that some of its critical factual findings are not supported by any evidence in the record and that therefore, Claimant's non-fault overpayment should be changed to a fault overpayment.

Keeping in mind our limited scope of review,[6] we shall address first the arguments regarding Claimant's

---

[5] *See* Section 804(a) of the Law, 43 P.S. §874(a).

[6] We note that the capricious disregard of the evidence test cited to us by OES was rejected by our Supreme Court in *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986), which requires that we affirm the Board's order unless there has been an error of law, a violation of constitutional

eligibility for benefits for the claim weeks in question. Section 402(b) of the Law, 43 P.S. §802(b) provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his voluntarily leaving work without cause of a necessitous and compelling nature. Claimant argues that since the position at Peoples Coal was "unsuitable" as a permanent position due to its comparatively low wages and lack of benefits when compared with his position at Taylor-Wharton, his voluntary quit was with good cause.

This Court has held, however, that one's initial acceptance of a job offer creates a presumption of the suitability of the job. *Fontana v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 274, 454 A.2d 678 (1983). To remain eligible for benefits after voluntarily terminating such employment, one must show deception as to the conditions of work or a substantial unilateral change in the employment agreement. *Id.* Claimant here has shown neither.[7] Accordingly, benefits must be denied.

Claimant argues that even if this Court determines that his voluntary quit was without good cause, he is

---

rights, or critical factual findings have been made which are not supported by substantial evidence.

[7] Claimant calls our attention to numerous cases which hold essentially that one is not required to *accept* a position requiring substantially less skill and providing substantially less remuneration and that a substantial reduction in pay alone can constitute necessitous and compelling cause for voluntarily terminating employment.

We note that these cases are inapplicable in the present case since Claimant had *already accepted* the position at Peoples Coal and thereby admitted its initial suitability. Further, although Claimant's position at Peoples Coal paid substantially less than his position at Taylor-Wharton, Claimant had not suffered a substantial reduction in pay in his position with Peoples Coal and therefore did not have good cause based on a pay reduction for terminating his employment with Peoples Coal.

still entitled to partial benefits under the *"Fabric principle"*.[8] *See Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976). We note, however, that the *"Fabric principle"* is only applicable to situations involving part-time employment. *Fabric; see also Gray v. Unemployment Compensation Board of Review,* 88 Pa. Commonwealth Ct. 284, 489 A.2d 315 (1985). In the instant case, Claimant's employment with Peoples Coal was full-time and accordingly, the *Fabric* principle is not applicable and Claimant's ineligibility for benefits is total.

We turn now to OES' argument that Claimant should be assessed a fault rather than a non-fault overpayment. OES argues that there is no evidence of record which supports the Board's findings of fact numbers 7 and 8 which indicate in substance that Claimant opened a claim for benefits at the time of the strike on August 31, 1983, and that although Claimant did not inform OES of his most recent employment with Peoples Coal, OES knew of that employment and adjusted his benefits accordingly. Claimant argues that even if there is no evidence of record which supports findings 7 and 8, there is still no evidence of record that Claimant was at fault in receiving an overpayment.

Our review of the record reveals that there is, in fact no evidence which supports the Board's findings of fact numbers 7 and 8. Further, we believe that without these findings, the other findings made by the Board, specifically findings 2, 5 and 6, would support the conclusion that Claimant received benefits he was not enti-

---

[8] Under the *"Fabric* principle" a claimant who voluntarily terminates part-time work is ineligible for benefits only to the extent that his benefits were decreased by virtue of his part-time earnings. *See Gray.*

tled to through his own fault.[9] *See Amspacher v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 447, 479 A.2d 688 (1984).

Inasmuch as both the Board and OES now agree that Claimant should be assessed a fault, rather than non-fault overpayment, and since we have determined that there are factual findings supported by substantial evidence which would support a finding of a fault overpayment, we shall reverse the Board's order insofar as it imposes a non-fault overpayment and reinstate OES' determination of a fault overpayment.

ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned cases is affirmed insofar as it disqualifies Claimant from receiving benefits for claim weeks ending November 12, 1983 through September 8, 1984, we reverse the Board's order insofar as it imposes a non-fault overpayment and we reinstate OES' determination of a fault overpayment.

---

[9] The Board's findings which we believe support a finding of a fault overpayment under *Amspacher* are the following:

2. On said date, the claimant voluntarily terminated his employment to apply for unemployment compensation benefits.

. . . .

5. On or about November 2, 1983, the officials of Taylor Wharton, Easton, Pennsylvania, informed the striking employees that the company was closing and that they could then apply for unemployment compensation benefits.

6. The claimant noting this, informed his then employer (Peoples Coal & Supply Company) that he was going to quit his job and that he was going to file for unemployment compensation benefits.