537 A.2d 50

Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1987, to Judges MacPhail, Colins, and Senior Judge Narick, sitting as a panel of three.

*Debra S. Hannon,* Assistant Counsel, with her, *Margaret D. Blough,* Deputy Chief Counsel, for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Senior Judge Narick, January 28, 1988:

This is an appeal by the Department of Labor and Industry, Office of Employment Security (Department) from a decision of the Unemployment Compensation Board of Review (Board) which determined that Janice Palmer (Claimant) was ineligible for benefits pursuant to Section 403-A(b)(1) of the Unemployment Compensa-

to Section 403-A(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. 1937 (2897), *as amended,* 43 P.S. §813(b)(1) but only to the extent that her benefits would have been decreased by the part-time earnings Claimant would have received if she had accepted an offer of suitable part-time employment. For the reasons set forth herein, we affirm.

The factual background of this case can be summarized as follows. Claimant was employed as a physical education teacher at a final rate of pay of $21,200 per year. Claimant separated from her employment due to no fault of her own; however, her employer subsequently offered Claimant a job as a part-time physical education teacher which would require her to work two days per week. The rate of pay would have been two-fifths of her previous salary of $21,200 per year or approximately $8,480 per year. Claimant declined the offer of part-time employment which was identical to her former full-time position except for the fact that it was only for two days per week. After the Claimant's approval by the Department for extended benefits, the employer appealed based on the fact that Claimant had refused a suitable offer of part-time employment. The referee concluded that Claimant was eligible for benefits under the extended benefit program of Section 403-A(b)(1) but only to the extent that the benefits would have been decreased by the part-time earnings she would have received if she had accepted the offer of suitable part-time employment made by her employer. The Board affirmed the referee and the Department appealed to this Court.

The question presented for our review is whether the Board erred in concluding that Claimant was ineligible for benefits but only to the extent that her benefits would have decreased by virtue of the part-time earn-

ings she would have received as a physical education teacher. Our scope of review in unemployment compensation proceedings is limited to whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

It is the Department's position that pursuant to Section 403-A(h) of the Act that Claimant is totally disqualified for receiving extended benefits. Section 403-A(h) of the Act provides:

> *An individual shall not be eligible to receive* shareable regular benefits or *extended benefits with respect to any week of unemployment in his eligibility period if such individual has been disqualified for regular benefits, shareable regular benefits, or extended benefits* under this act because he or she voluntarily left work, was discharged for willful misconduct or *failed to accept an offer of or apply for suitable work unless the disqualification imposed* for such reasons *has been terminated* by the individual performing services in an employer-employe relationship (whether or not services were in employment as defined by this act) for remuneration subsequent to the date of such disqualification. (Emphasis added.)

The Department argues that Section 403-A(h) of the Act requires a total disqualification for extended benefits unless and until an individual performs services in an employer-employee relationship for remuneration. It is the Department's contention that there is no "middle ground" where a party may receive partial benefits such as Claimant was awarded herein, and that Claimant is subject to disqualification because she refused an offer

of suitable work without good cause. Therefore, it is the Department's position that because Palmer refused a suitable offer of part-time employment she is totally disqualified under Section 403-A(h) of the Act. Thus, according to the Department, a claimant subject to a disqualification set forth in Section 403-A(h), *i.e.*. voluntarily leaving work, willful misconduct, or failure to accept an offer of or apply for suitable work, will remain totally disqualified for benefits until such time as he enters subsequent employment in an employer-employee relationship for remuneration and this subsequent employment terminates the previous disqualification.

The Board counters that it did not err in applying the rationale of *Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976) to a situation where a claimant has applied for extended benefits pursuant to Section 403-A of the Act. In *Fabric,* this Court held that when a claimant voluntarily leaves part-time employment within the meaning of Section 402(b)(1) of the Act,[1] he is ineligible for further benefits only to the extent that his benefits were decreased by virtue of his part-time earnings. Thus, *Fabric* stands for the principle that a failure to engage in suitable and available part-time employment by a claimant will render a claimant ineligible for benefits only to the extent that his benefits would have been decreased by his part-time earnings. Applying the *Fabric* principle are *Gray v. Unemployment Compensation Board of Review,* 88 Pa. Commonwealth Ct. 284, 489 A.2d 315 (1985) and *Regan v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 648, 476 A.2d 483 (1984). In *Regan* this Court held that an applicant for federally-funded extended benefits under Section 403-A(h) of the Act who has voluntarily left part-

---

[1] 43 P.S. §802(b)(1).

time employment will be ineligible for benefits but only to the extent that such benefits were decreased by the part-time earnings that claimant would have received if she had continued with her part-time job. The *Regan* court reasoned that there was no basis for distinguishing between Section 402(b)(1) and Section 403-A(h) of the Act because both are general eligibility provisions routinely applied in appropriate cases. The *Regan* court went on to state that "there is nothing inherent in Section 403-A(h) which would render the application of the procedure dictated by Fabric illogical, unwise or contrary to the purposes of the Act". *Regan* at 650, 476 A.2d at 484.

In *Gray* this Court relied on its earlier reasoning in *Regan* and concluded that *Fabric* applies to the denial of shareable regular benefits under Section 403-A(h) of the Act. The *Gray* court concluded that there was no basis for distinguishing between the denial in *Regan* of federally-funded extended benefits under Section 403-A(h) and the denial in the *Gray* case of shareable regular benefits under that same statutory section. *Gray* at 287, 489 A.2d at 317. Likewise, in the case at hand, we have a disqualification, not for voluntarily leaving part-time employment as in *Gray, Regan* and *Fabric,* rather we have a disqualification based upon a refusal to accept a suitable offer of part-time employment. However, we adopt the reasoning applied in *Gray* and *Regan* and conclude that there is no basis for distinguishing between Section 402(b) and Section 403-A(h) of the Act.

The Department further contends that the application of the *Fabric* principle to Section 403-A(h) of the Act results in a conflict with federal law. The Department, relying on Section 202(a)(4) of the Federal-State Extended Unemployment Compensation Act of 1970,[2]

---

[2] Pub. L. No. 91-373, 84 Stat. 708, as added by Pub. L. No. 96-499, 94 Stat. 2659, quoted in full in Notes to 26 U.S.C. 3304 (Supp. 1987).

contends our holdings in *Gray* and *Regan* are invalid, because *Fabric* cannot apply to cases involving federally-funded extended benefits. Section 202(a)(4) states:

> No provision of State law which terminates a disqualification for voluntarily leaving employment, being discharged for misconduct, or refusing suitable employment shall apply for purposes of determining eligibility for extended compensation unless such termination is based upon employment subsequent to the date of such disqualification.

Again, we must reject the Department's contentions. In *Gray* this identical argument was addressed by our Court and there we concluded "Section 202-A(4) applies only to provisions of State law which terminate a disqualification, whereas the rule set forth in *Fabric* does not terminate a disqualification, but merely provides that disqualification due to a voluntary separation shall be partial under certain circumstances". *Gray* at 288, 489 A.2d at 317. Similarly, in the case at hand, we have a disqualification due to a refusal to accept suitable employment and because the employment offered was part-time employment the disqualification is only partial.

Accordingly, for the reasons set forth herein, we will affirm the Board.

## ORDER

AND Now, this 28th day of January, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.